

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| PATRICK WYLEY RALL, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 1:24-6197-MGL |
| | § | |
| WARDEN OF FCI BENNETTSVILLE, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE,
AND DEEMING AS MOOT RESPONDENT'S MOTION TO DISMISS**

Petitioner Patrick Wyley Rall (Rall), who is representing himself, filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden of FCI Bennettsville.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Rall's petition without prejudice for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 18, 2025. To date, the parties have failed to file any objections.

Although the Report was returned to the Court as undeliverable, the Magistrate Judge previously advised Rall of his duty "to always keep the Clerk of Court advised in writing . . . if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [him] to meet will be received by [him]." November 5, 2024 Order at 3. The Magistrate Judge further advised Rall any failure to comply with this requirement is deemed inexcusable and could result in dismissal of his case. *Id*. Therefore, the Court will proceed to review the Report under the standard set forth herein.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Rall's petition is **DISMISSED WITHOUT PREJUDICE**. As a result of this ruling, Respondent's motion to dismiss or, in the alternative, motion for summary judgment is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 8th day of May 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.